Filed 8/31/20  P. v. Perron CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C082869 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM040721 & CM043569) |
| v. | |
| RICHARD ELI PERRON, | |
| Defendant and Appellant. | |

Defendant Richard Eli Perron pleaded no contest to various offenses, including unlawfully taking and driving a vehicle without the owner's consent in violation of Vehicle Code section 10851, subdivision (a).  He admitted he had a prior conviction for the same offense, and he had served a prior prison term under Penal Code section 667.5, subdivision (b).[1]  After the trial court denied his Proposition 47 petition to reduce his

---

[1]    Undesignated statutory references are to the Penal Code.

1

Vehicle Code section 10851 conviction to a misdemeanor, the court sentenced him to serve a five-year split term in county prison with the final 1,094 days to be served under mandatory supervision. As a condition of mandatory supervision, the court required him to submit to warrantless searches of electronic storage devices.

On appeal, defendant challenges the electronics search condition, contending it is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) because it is not reasonably related to future criminal conduct and it is unconstitutionally overbroad. He further contends the condition requiring him to provide passwords to access the electronic storage devices violates the Fifth Amendment.

Defendant also argues the trial court erred in denying his request pursuant to Proposition 47 to treat his felony conviction for violating Vehicle Code section 10851 as a misdemeanor. In supplemental briefing, he contends the one-year enhancement imposed for the prison prior must be stricken in light of recently enacted Senate Bill No. 136 (Senate Bill 136), which narrowed the prior prison term enhancement under section 667.5 to prison terms served for sexually violent offenses.

We conclude defendant forfeited his challenges to the electronics search condition by failing to object in the trial court.

Based on the Supreme Court's decision in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*) that was decided while defendant's appeal was pending, we conclude Proposition 47 applies to a vehicle theft conviction under Vehicle Code section 10851. Because the trial court did not determine whether defendant's Vehicle Code section 10851 conviction was for taking a vehicle worth $950 or less with the intent to steal, rather than for post-theft driving, we shall reverse and remand for further proceedings to determine whether defendant's conviction qualifies as a felony or misdemeanor.

Finally, given Senate Bill 136's amendment of section 667.5, subdivision (b), defendant no longer qualifies for the prior prison term enhancement. We shall strike the one-year enhancement.

# BACKGROUND

In 2014, defendant wrote two fraudulent checks on the account of the victim, whom he did not know. A checkbook the victim had ordered from the bank was stolen from her mailbox. Defendant wrote one check to himself for $350, and used the other at a store to purchase a car battery.

Defendant pleaded no contest in Butte County case No. CM040721 (the forgery case) to one count of forgery (§ 470, subd. (d)), and admitted two prior prison terms (§ 667.5, subd. (b)).[2] In December 2014, he was granted three years informal probation.

While on probation in the forgery case, defendant was pulled over while driving a stolen vehicle. At the time, defendant was under the influence of methamphetamine, possessed two loaded syringes, and was driving on a suspended license.

In August 2015, defendant was charged in Butte County case No. CM043569 (the vehicle case) with, among other things,[3] "auto theft with prior auto theft conviction" under Vehicle Code section 10851, subdivision (a), for "unlawfully driv[ing] and tak[ing] a certain vehicle . . . without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle." It was further alleged defendant had sustained a prior unlawful driving conviction (§ 666.5) and served a prior prison term (§ 667.5, subd. (b)). Based on these charges, the trial court revoked defendant's probation in the forgery case.

---

[2]    The parties stipulated the factual basis for the plea could be taken from the preliminary hearing transcript and the probation report.

[3]    Defendant was also charged with misdemeanor driving under the influence of narcotics (Veh. Code, § 23152, subd. (e)), possession of opium contraband (Health & Saf. Code, § 11364, subd. (a)), and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)).

3

On April 15, 2016, defendant pleaded no contest to all the charges in the vehicle theft case, and admitted the prior conviction and prior prison term allegations.[4]  The plea agreement did not include a stipulated term of imprisonment, but only a potential maximum term of five years.  At the plea hearing, the court also explained the maximum potential prison term for the offenses was five years.

Prior to sentencing, defendant moved to reduce the felony Vehicle Code section 10851 conviction to a misdemeanor pursuant to Proposition 47 (section 1170.18), or section 17, subdivision (b).  The People opposed the motion.

At the sentencing hearing, the court denied defendant's Proposition 47 petition after noting defendant's vehicle theft conviction included an admission of a prior conviction for the same offense.  The court sentenced defendant to serve a five-year split sentence with the final 1,094 days to be served under mandatory supervision.  The sentence included the upper term of four years for the Vehicle Code section 10851 conviction with a prior, plus one year for the prior prison term enhancement.  The court imposed concurrent terms on defendant's remaining convictions.

As a term of mandatory supervision, the court imposed an electronics search condition that required defendant "to make available for inspection, including providing passwords or unlock codes, any data storage device, including cellular telephones and computers, and any network applications associated with those devices, including . . . remote storage devices.  All said devices are subject to search by any peace officer upon request."  Defendant did not object to the electronics search condition.  He timely appealed.

---

[4]      The parties stipulated that the probation report could serve as the factual basis of the plea.

4

## DISCUSSION

## I

### *Electronics Search Condition*

Defendant raises multiple objections to the electronics search condition--that the condition is unreasonable under *Lent, supra*, 15 Cal.3d 481 and unconstitutionally overbroad, and that it violates his right against self-incrimination--but he did not object to the electronics search condition on *any* basis in the trial court. We recognize that a facial overbreadth challenge to a condition of supervision that is capable of correction without reference to the particular sentencing record developed in the trial court is not forfeited if a defendant fails to object on that basis in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*).) Here, defendant does *not* actually raise a facial challenge notwithstanding his argument to the contrary. Instead, he argues the condition is overbroad because he "never used any electronic devices or applications in the commission of the underlying offenses, and he need not use electronics in the future to continue committing theft and substance abuse."

As the People argue, the failure to object to the condition in the trial court forfeits the issues defendant now raises. (*Sheena K., supra*, 40 Cal.4th at pp. 880, 887-888 [" ' "No procedural principle is more familiar . . . than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "]; *People v. Welch* (1993) 5 Cal.4th 228, 234-238 [failure to object that a probation condition is unreasonable under *Lent, supra,* 15 Cal.3d 481 in the trial court, precludes a defendant from raising the issue on appeal].) We conclude defendant forfeited his challenges to the electronics search condition.

Anticipating forfeiture, defendant argues his counsel was ineffective for failing to object that the electronics search condition was unreasonable under *Lent, supra,* 15 Cal.3d 481. Because the trial court sentenced him pursuant to a negotiated plea

5

agreement, defendant contends there was no strategic or tactical advantage for not objecting to the electronics search condition.

But as the People point out, defense counsel could have made a rational tactical decision not to challenge the condition in order to preserve defendant's favorable disposition that included concurrent terms on his convictions for forgery, failing to appear, driving under the influence of narcotics, possessing contraband, and driving on a suspended license. This is especially true given defendant's lengthy criminal history. Given the plausible explanation for counsel's tactical decision, defendant's ineffective assistance of counsel claim fails. (*People v. Huggins* (2006) 38 Cal.4th 175, 206 [" 'If the record on appeal fails to show why counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal' "].)

## II

### *Proposition 47*

Defendant contends the trial court erred in declining to determine whether his felony conviction for violating Vehicle Code section 10851, subdivision (a), qualified as a misdemeanor under Proposition 47.[5] He argues the evidence shows the vehicle was worth less than $950, effectively making the crime a petty theft within the meaning of section 490.2, a crime eligible for resentencing under Proposition 47. He asks that we

---

[5] Although defendant filed a resentencing petition pursuant to section 1170.18, that provision does not apply to him because he committed his offense in 2015 after the effective date of Proposition 47. (*People v. Lara* (2019) 6 Cal.5th 1128, 1133-1134 [defendants "who are tried or sentenced after the measure's effective date, are entitled to initial sentencing under Proposition 47, and need not invoke the resentencing procedure set out in section 1170.18"].)

remand the matter to the trial court for a determination of whether his Vehicle Code section 10851 felony conviction qualifies for reduction.

## A.

### *Forfeiture*

Before turning to the merits of defendant's claim, we address the People's argument that defendant cannot challenge the validity of his felony conviction following his no contest plea because he did not obtain a certificate of probable cause. We disagree.

Section 1237.5 provides in relevant part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Despite this broad language, a defendant that pleaded no contest may raise two types of issues on appeal without the need for a certificate: issues concerning the validity of a search and seizure (§ 1538.5, subd. (m)), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. (*People v. Buttram* (2003) 30 Cal.4th 773, 780 (*Buttram*).)

To determine whether section 1237.5 applies to a challenge of a sentence imposed after a no contest plea, courts look to the substance of the appeal, not the timing or manner in which the challenge is made. (*Buttram, supra*, 30 Cal.4th at p. 781.) "[T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rending the appeal subject to the requirements of section 1237.5." (*Id.* at p. 782.)

7

Where the parties agree to a *specified* sentence, any challenge to that sentence attacks a term of the agreement, and, thus, the validity of the plea itself. (*Buttram, supra*, 30 Cal.4th at p. 789.) Under those circumstances, a certificate of probable cause is required. (*Ibid.*) But where the parties negotiate only a *maximum* term, like defendant did here, "the parties leave to judicial discretion the proper sentencing choice within the agreed limit. Unless the agreement itself specifies otherwise, appellate issues relating to this reserved discretion are therefore outside the plea bargain and cannot constitute an attack upon its validity." (*Ibid.*)

Because defendant did not agree to a specified term of imprisonment that was an integral part of the bargain, but rather only to a potential maximum term, the absence of a certificate of probable cause is not fatal to his challenge on appeal. We therefore consider the merits of his claim.

**B.**

***Applicability of Proposition 47 to a Vehicle Code Section 10851 Offense***

Defendant pleaded no contest to violating Vehicle Code section 10851, subdivision (a). That statute provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle . . . is guilty of a public offense." (Veh. Code, § 10851, subd. (a).)[6]

The Vehicle Code section 10851 offense encompasses both theft and nontheft forms. (*Page, supra*, 3 Cal.5th at p. 1183, citing *People v. Garza* (2005) 35 Cal.4th 866, 871.) It punishes not only taking a vehicle, but also driving it without the owner's

---

[6] The offense is a wobbler and may be punished either as a felony or misdemeanor. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code § 10851, subd. (a), as a statute that provides for "alternative felony or misdemeanor punishment"].)

8

consent, and with the intent either to permanently or temporarily deprive the owner of title or possession of the vehicle, *with or without intent to steal the vehicle*. (Veh. Code, § 10851, subd. (a); *Page,* at p. 1183.)

" 'Unlawfully taking a vehicle with the intent to permanently deprive the owner of possession is a form of theft,' " and a defendant who is so convicted has suffered a " 'theft conviction.' " (*Page, supra*, 3 Cal.5th at p. 1183.) On the other hand, unlawfully driving a vehicle is not a form of theft when the driving occurs or continues after the theft is complete. (*Ibid.*) Thus, a conviction under Vehicle Code section 10851, subdivision (a) for post-theft driving or joyriding is not a theft conviction. (*Page*, at p. 1183) "The same is true when a defendant acted with intent only to deprive the owner *temporarily* of possession. Regardless of whether the defendant drove or took the vehicle, he [or she] did not commit auto theft if he lacked the intent to steal." (*Ibid.*)

Proposition 47, enacted by the voters in 2014, "reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies." (*Page, supra*, 3 Cal.5th at p. 1179.) Pertinent here, Proposition 47 added "new . . . section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less." (*Ibid.*)

Following Proposition 47's passage, courts disagreed whether section 490.2 applied to vehicle theft under Vehicle Code section 10851. That is, whether a theft conviction under Vehicle Code section 10851 could continue to be punished as a felony regardless of the value of the vehicle or whether it must be punished as a misdemeanor if the vehicle's value did not exceed $950.

The Supreme Court resolved the issue in *Page*, holding that "[b]y its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense." (*Page, supra*, 3 Cal.5th at p. 1183.) Now, when a violation of Vehicle Code section 10851 is "based on theft," a defendant can be convicted

9

of a felony *only if* the vehicle was worth more than $950. (*Id.* at p. 1187 [recognizing that after Proposition 47, "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged"].)

While both parties here submitted conflicting information regarding the car's worth prior to the sentencing hearing, the trial court did not determine its value, nor the nature of defendant's Vehicle Code section 10851 conviction (i.e., theft or nontheft). Instead, the court denied defendant's Proposition 47 petition after noting defendant's conviction was with an admitted prior for the same offense. In light of *Page, supra,* 3 Cal.5th 1175, we shall vacate the sentence on defendant's Vehicle Code section 10851, subdivision (a) conviction and remand for further proceedings to determine the applicable punishment for defendant's offense.

### III

### *Prior Prison Term Enhancement*

In supplemental briefing, defendant contends we should strike the one-year prior prison term enhancement imposed under section 667.5, subdivision (b) given recent legislative changes to the enhancement statute.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.) that amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). This bill narrowed the eligibility for the one-year prison prior enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. The statute as amended now provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term

10

shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

We agree with the parties that Senate Bill 136's amendment should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting "the role of a court is to determine the intent of the Legislature"].) Ordinarily, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) Where the Legislature has reduced punishment for criminal conduct,[7] an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara*, at p. 308.) Conversely, the *Estrada* rule " 'is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of an express saving clause or its equivalent.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 185, italics omitted.)

Here, Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prison prior enhancement, thus rendering ineligible many individuals, including defendant, whose prior prison history no longer includes a qualifying offense. There is nothing in the bill or its associated legislative history that indicates an intent that the court

---

[7] "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. (*People v. Francis* (1969) 71 Cal.2d 66, 75-78.)" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

11

not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we conclude *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada, supra,* 63 Cal.2d 740 inference of retroactivity to legislative changes to section 12022.6, subds. (a) and (b) enhancements].) Defendant's judgment will not be final when the statute takes effect, thus entitling him to its benefits. (See *People v. Vieira* (2005) 35 Cal.4th 264, 305-306 [defendant entitled to retroactive application of criminal statute that takes effect during the time defendant has to appeal to the Supreme Court].) Accordingly, we will modify the judgment to strike defendant's one-year prison prior enhancement.

## DISPOSITION

We modify the judgment to strike the one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b). We shall remand for further proceedings regarding whether defendant's Vehicle Code section 10851, subdivision (a) conviction qualifies as a misdemeanor or felony. The superior court is directed to prepare an amended abstract of judgment and forward a certified copy thereof to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


 /s/
HOCH, J.



We concur:


 /s/
BLEASE, Acting P. J.


 /s/
ROBIE, J.

12